# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 15 C 9537 |
| TYRONE KIRKLIN, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Tyrone Kirklin was convicted in federal court of aiding and abetting an armed bank robbery and other charges. Kirklin then filed a petition under 28 U.S.C. § 2255, which the Court denied. Kirklin now asks this Court to vacate that judgment, arguing that the statute under which he was convicted is void for vagueness. For the reasons stated below, the Court denies this motion and affirms its earlier ruling on Kirklin's section 2255 petition.

## Background

Kirklin was convicted of aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2113 and 2 (count 1). He was also convicted of aiding and abetting the use and carrying of a firearm during and in relation to that robbery in violation of 18 U.S.C. § 924(c) (count 2). Kirklin was sentenced to 87 months imprisonment on count 1 and 84 months imprisonment on count 2, to run consecutively. Kirklin appealed, and the Seventh Circuit affirmed his conviction and sentence. *See United States v. Kirklin*,

727 F.3d 711, 717 (7th Cir. 2013). His petition for writ of certiorari was denied on November 3, 2014. *Kirklin v. United States*, 135 S. Ct. 464 (2014).

In October 2015, Kirklin filed a § 2255 petition before this Court, claiming ineffective assistance of trial counsel. Dkt. no. 1. On May 9, Kirklin mailed from prison a motion to amend his petition, claiming that the statute under which he was convicted was void for vagueness based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. no. 17. The Court did not receive the motion nor enter it onto the docket until May 13. In the meantime, however, the Court entered judgment on May 10, denying Kirklin's motion under § 2255. Dkt. no. 15. Because Kirklin mailed his motion to amend before the Court entered judgment, the Court decided to consider Kirklin's filing as a motion to vacate the judgment of May 10. Dkt. no. 20.

Kirklin argues that his conviction on count 2 under 18 U.S.C. § 924(c) was unconstitutional. Specifically, he argues that the Supreme Court's holding in *Johnson* extends to section 924(c) and therefore that the statute is void for vagueness. Because of this, Kirklin claims that his conviction under § 924(c) constitutes a denial of due process.

**Discussion**

The Fifth Amendment guarantees to each individual due process of law. *Johnson*, 135 S. Ct. at 2556. This protection prevents the government from convicting someone "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Id*. In *Johnson*, the Supreme Court considered a conviction under 18 U.S.C. § 924(e). Section 924(e) imposes a mandatory minimum on certain offenders who have three

prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The statute then defines "violent felony" as any crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Court held that the phrase "involves conduct that presents a serious potential risk of physical injury"—now known as the "residual clause"—is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2556.

Kirklin was not convicted under § 924(e). He argues, however, that the language in § 924(c) is substantially similar and thus is also unconstitutionally vague. Section 924(c) imposes a mandatory minimum for any person who "during and in relation to any crime of violence" uses or carries a firearm. 18 U.S.C. § 924(c)(1)(A). The statute then defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Kirklin was convicted under this statute on the ground that bank robbery, the subject of count 1, constitutes a crime of violence. Kirklin now argues that the Supreme Court's ruling in *Johnson* requires this Court to invalidate section 924(c).

In *Johnson*, the Supreme Court concluded that the residual clause in section 924(e)(2)(B)(ii) required courts to engage in a "wide-ranging inquiry" that was too indeterminate to be constitutional. *Johnson*, 135 S. Ct. at 2557. The standard of the residual clause required a court "to picture the kind of conduct that the crime involves in

3

'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* In concluding that this standard was unconstitutionally vague, the Court distinguished it from the elements standard of subsection (i), noting that the residual clause required the court to "go[ ] beyond deciding whether creation of risk is an element crime." *Id.* at 2557. The Supreme Court suggested that determining whether the crime has as an element the use of force is noticeably different from the standard of the residual clause. *See id.*

Applying the same analysis here, section 924(c)(3)(A) indicates that a crime qualifies as a "crime of violence" when it has as an element the use of force. Thus subsection (c)(3)(A) does not mirror the residual clause. Rather, it mirrors the elements language that the Supreme Court implicitly approved. It is therefore unlikely that the Court would apply the reasoning of *Johnson* to invalidate section 924(c)(3)(A).

The Seventh Circuit recently upheld the constitutionality of section 924(c)(3)(A) in *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). The court assumed that the holding in *Johnson* would extend "to the residual clause . . . in § 924(c)(3)," and yet it upheld Armour's conviction because it fell under "the elements clause" of section 924(c)(3). *Armour*, 840 F.3d at 908. The Seventh Circuit therefore indicated that convictions for crimes that have as an element the use or threat of physical force are not unconstitutional in the wake of *Johnson*. What's more, the court in *Armour* addressed the particular crime of bank robbery and concluded that it qualified as a crime of violence under the elements clause. *Id.* Armour argued that bank robbery does not qualify as a crime of violence under the elements definition because, under the statutory definition, a person can commit robbery by "intimidation," as distinct from "by

4

force or violence." *Id.* The Seventh Circuit rejected this argument, indicating that intimidation itself means threat of force and therefore robbery by intimidation meets the threshold for violent force required under the elements clause. *Id.* at 909.

*Armour* makes clear that a proper conviction for bank robbery by force or by intimidation qualifies as a crime of violence under the elements language of section 924(c)(3) and is therefore unaffected by *Johnson*. Kirklin's conviction must be upheld, so long as the Court gave proper instructions on the meaning of intimidation such that the jury was required to find force as an element of Kirklin's crime.

In Kirklin's case, this Court instructed the jury that one element of bank robbery is that the individual acted to take money by force and violence, or by intimidation. The Court defined intimidation as to "say or do something that would make a reasonable person feel threatened under the circumstances." This definition is sufficient to require the jury to find force as an element of the offense and therefore ensure that Kirklin's conviction was based on section 924(c)(3)(A). The Seventh Circuit in *Armour* stated that "[t]he intimidation element is satisfied if an ordinary person would feel reasonably threatened under the circumstances." *Id.* The jury instructions in Kirklin's case track this language. The jury therefore must have determined that Kirklin engaged in the use of force before convicting him under section 924(c). Thus Kirklin's conviction falls squarely under section 924(c)(3)(A) and remains unaffected by the Supreme Court's ruling in *Johnson*.

## Conclusion

For the foregoing reasons, the Court denies Kirklin's motion to vacate the

judgment [dkt. no. 17].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 9, 2016